O’NIELL, Chief Justice
 

 (dissenting).
 

 It is said in the prevailing opinion in this case that the executrix filed
 
 exceptions
 
 of no cause or right of action and prescription, and that the judge, without passing on the plea of prescription, maintained the exception of no cause of action. As I read and understand the plea which was filed by the executrix, it consists of only one exception, founded upon the two propositions, that the opponent does not disclose any cause or right of action because the opponent does not claim to have any written acknowledgment of the alleged debt of the deceased person, or written promise to pay the alleged debt, and because, on the face of the petition or opposition, and of the- account sued on, the opponent’s claim is barred by prescription. The plea, or exception, has reference to article 2278 of the Civil Code, as amended by Act No. 51 of 1882 and Act No. 121 of 1886, which, in the second paragraph, provides that parol evidence shall not be received to prove any acknowledgment or promise ■ of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same, after prescription has run or .been completed. In the fifth and last paragraph of this arti.de of the Civil Code it..is declared that, in all of the cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise, or by his agent or attorney in fact, especially authorized in writing to make the acknowledgment or promise to pay.
 

 The plea or exception, filed by the executrix is in one document, in which she says that she appears herein solely for the purpose of
 
 this
 
 exception; and ' then she pleads, first, that the opposition discloses no right or cause of action, and, second, that the claim as set forth in the opposition is prescribed. It is true that the executrix used two lines in her method of expressing her plea, or exception; but that should not convert the plea, or exception, into two separate or distinct pleas or exceptions, so as to-compel the judge to pass judgment separately upon a plea of no cause or right of action, and a plea of prescription. If it should be said that the plea, that the opponent did not. disclose a cause or right of action and that his claim was on its face • barred by • prescription should be considered as two pleas, or two exceptions, I respectfully submit that they are so interrelated that the judge' could not possibly consider or- -dispose of one without at the, same time considering and
 
 *491
 
 disposing of the other. And that is the way in which the judge did consider and dispose of the plea or exception. In his written “Reasons for Judgment”, the judge discussed article 2278 of the Civil Code, and came to the conclusion that the opponent had no cause or right of action because, according to that article of the Civil Code, the opponent would not be allowed to introduce parol evidence to take the claim out of prescription, and because the opponent did not claim to have any written acknowledgment or promise to pay, signed by the alleged debtor. In the concluding paragraph of the judge’s “Reasons for Judgment” he said that he was therefor obliged to maintain the exception of no cause of action because, from the statement annexed to the petition of opposition, and from the allegations in the petition, the only proof to be offered would be parol evidence. I do not see what more the judge could do in the way of passing upon the plea or exception filed by the executrix. It does not appear in the record in this case that the judge, signed any other judgment than that which is expressed in the last paragraph of the “Reasons for Judgment.” That may be accounted for by the fact that the case was brought here by way of a petition for writs of certiorari, prohibition and mandamus, instead of cóming up on appeal— as, in my judgment, the case should have come here. If the last paragraph of the judge’s reasons for judgment constitute the judgment itself, my opinion is that the judgment disposes of the question of prescription, and is correct.